THE CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PROSECUTOR, v. ESSEX COUNTY BOARD OF TAXATION AND POTTERSVILLE WATER COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, RESPONDENTS.

Submitted October 7, 1941—Decided November 13, 1941.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Raymond Schroeder* and *Joseph A. Ward.*

For the Pottersville Water Company, *Pitney, Hardin & Skinner* and *William J. Brennan, Jr.*

PER CURIAM.

The writ of *certiorari* brings up for review a judgment of the Essex County Board of Taxation granting, in part, a motion of the Pottersville Water Company to dismiss the complaint of the City of Newark. The complaint was filed pursuant to *N. J. S. A.* 54:3-20, and sought to have omitted property entered on the duplicate pursuant to the statute. The property alleged to be omitted was described as follows:

| | |
|---|---:|
| "Water—Fixed capital .... .......... | $161,545.18 |
| Cash .. ............... . .......... | 315.09 |
| Consumers Accounts Receivable ........ | 47,781.74 |
| | $209,641.01" |

The County Board held that the classification of "Cash $315.09" was sufficient. *Duke Power Co.* v. *Somerset County Board,* 124 *N. J. L.* 481; *affirmed,* 125 *Id.* 431. There seems to be no dispute as to the correctness of this characterization. The item "Water—Fixed Capital $161,545.18" does not sufficiently specify property. *Duke Power Co.* v. *Essex County Board, &c.,* 122 *Id.* 589; *affirmed,* 124 *Id.* 41.

Fixed capital may or may not be personalty having a *situs* in the City of Newark. Our Board of Public Utility Commissioners, pursuant to the statute, have prescribed a uniform system of accounts for our utilities. Capital means all property devoted to the business. In such classification, land would be included as well as personalty.' Clearly, the taxpayer is entitled to have a specification of what property is intended to be included within the category of omitted property.

The prosecutor, with respect to the item "Accounts Receivable," relies upon *Duke Power Co.* v. *Somerset County Board, &c., supra.* It was there held that the characterization as to the money item was proper. What was said in that case seems to apply to the item "Accounts Receivable $47,781.74." The taxpayer and the taxpayer alone knows what is claimed. To list the accounts receivable would require an examination of the taxpayer books. Without that the assessor could not be more specific. "Consumers Accounts Receivable" in the sum of $47,781.74 calls for a defense. Such classification conforms to the requirements of *N. J. S. A.* 54:3-20.

The judgment under review will be affirmed in part and reversed in part, in accordance with this opinion.